## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| WILLIAM GERALD BLACK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-05-1427-M |
| | ) | |
| RELIABLE REPORTS OF TEXAS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

### <u>ORDER</u>

On April 13, 2006, the Court, pursuant to Federal Rule of Civil Procedure 55(a), entered the default of Defendant Reliable Reports of Texas, Inc.  On April 20, 2006, the Court held a hearing to determine Plaintiff's entitlement to judgment by default and, if Plaintiff is so entitled, the amount of damages to be awarded.

I.     <u>Factual and Procedural Background</u>[1]

Plaintiff, born January 29, 1942, was 54 years old when he began working for Defendant during the summer of 1996 as a Field Service Inspector.  During his employment, Plaintiff also worked in the position of Loss Control Representative.  In May of 2004, Plaintiff requested medical leave and was hospitalized for Diverticulitis, an infection in his colon, and in June of 2004, Plaintiff underwent surgery for a carotid artery on the left side of his neck.  Plaintiff also took medical leave in July of 2004 to address these same medical issues.  Plaintiff was off work for approximately two months during that time.

While Plaintiff was out on medical leave, Micah Hunt became Plaintiff's immediate supervisor.  Mr. Hunt expressed hostility regarding Plaintiff's use of medical leave, and, although

---

[1]The factual background is based upon Plaintiff's Complaint, Plaintiff's Motion for Default Judgment, and the evidence introduced at the hearing, including Plaintiff's testimony.

he made no comments directly to Plaintiff, he was known by Plaintiff to have made comments regarding the duration of Plaintiff's medical leave and trying to put Plaintiff on leave without pay. When Plaintiff returned from medical leave, Mr. Hunt treated him differently than other employees in that he treated younger employees preferentially and did not assign Plaintiff enough work. Eventually, Plaintiff was written up for not turning work in on time.[2]

In March of 2005, Mr. Hunt informed Plaintiff that he was being demoted from a salaried employee to an independent contractor.[3]  Plaintiff's territory was significantly reduced resulting in substantial loss of pay and a significant alteration of his benefit package.  Specifically, Plaintiff lost hospitalization insurance, life insurance, 401K matching contributions, bonus incentives, and reimbursement for mileage and various other expenses.

On December 8, 2006, Plaintiff William Gerald Black filed the instant action against Defendant Reliable Reports of Texas, Inc. alleging age discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA") and interference with and retaliation for Plaintiff's exercise of his rights under the Family Medical Leave Act ("FMLA").       Plaintiff seeks back pay, front pay, liquidated damages, pre- and post-judgment interest, punitive damages, attorneys' fees and costs.

On December 19, 2005, Defendant was served.  *See* Return of Service [docket no. 8].  On April 13, 2006, the Court, upon finding Defendant had been validly served and had failed to timely answer or otherwise respond to the Complaint, found that Defendant was in default.  April 13, 2006

---

[2]This was the first time Plaintiff had been written up during his employment with Defendant. In fact, Jim Banta, Plaintiff's former supervisor, had given Plaintiff positive feedback on his performance.

[3]Mr. Hunt played a significant role in making the decision to demote Plaintiff.

Order [docket no. 12].

II.    Discussion

"If the court determines that defendant is in default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."  10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2688, at 58-59 (3d ed. 1998). "Even after default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Id*.  "[L]iability is not deemed established simply because of the default and the court, in its discretion, may require some proof of the facts that must be established in order to determine liability." *Id*.

"Once the court determines that a judgment by default should be entered, it will determine the amount and character of the recovery that should be awarded."  10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2688, at 58-59 (3d ed. 1998).

A.    Liability

To present a valid claim under the ADEA Plaintiff must show that Defendant's adverse action was motivated, at least in part, by Plaintiff's age. *MacDonald v. Delta Air Lines, Inc.*, 94 F.3d 1437, 1441 (10th Cir. 1996).  To that end, Plaintiff may either present direct proof of Defendant's discriminatory intent, or establish that (1) he belongs to a protected age group, (2) his job performance was satisfactory, (3) he was either discriminated against with respect to compensation, terms, conditions, or privileges of employment because of age, or deprived of employment opportunities or otherwise adversely affected in his status as an employee because of age, and (4) he was replaced by a younger employee. *Id*.; *James v. Sears Roebuck and Co., Inc.*, 21

F.3d 989, 992 (10th Cir. 1994).  Having reviewed the evidence in the record, the Court finds that Plaintiff was over age forty when Defendant took its adverse action against him, that Plaintiff's job performance was satisfactory as demonstrated by the fact that he had never been written up prior to March of 2005 and that he received positive feedback from his former supervisor, and that he was demoted and lost the benefits associated with a salaried position while Mr. Jenkins, a younger employee who had been with the company less than a year, was retained as a salaried employee.

The prima facie elements of a retaliation claim under the FMLA are that (1) Plaintiff engaged in an FMLA protected activity, (2) Defendant took an adverse employment action against Plaintiff, and (3) the adverse employment action was taken because Plaintiff engaged in the FMLA protected activity.  *Jones v. Denver Pub. Schs.*, 427 F.3d 1315, 1323 n.2 (10th Cir. 2005) (citing *Chavez v. Thomas & Betts Corp.*, 396 F.3d 1088, 1104 (10th Cir. 2005)).  Having reviewed the evidence in the record, the Court finds that Plaintiff took FMLA protected medical leave in May, June and July of 2004, that Defendant demoted Plaintiff from salaried employee with benefits to independent contractor without benefits, and that Defendant's decision to demote Plaintiff was motivated by Defendant's hostility regarding Plaintiff's use of medical leave.

In order to establish an FMLA claim under an interference theory, Plaintiff must show that (1) he was entitled to FMLA leave, (2) some adverse action by Defendant interfered with his right to take FMLA leave, and (3) Defendant's action was related to the exercise or attempted exercise of FMLA leave.  *Jones*, 427 F.3d at 1319.  The Court finds that the evidence in the record does not establish Plaintiff's FMLA claim under this theory.  Specifically, the Court finds that the record is devoid of any allegation that Plaintiff was denied FMLA leave.

Further, Defendant's proffered reason for the demotion, that Plaintiff's territory could no

longer support a full-time salaried employee and that Plaintiff no longer resided in Oklahoma City, was a pretext for underlying discriminatory and retaliatory intent.  This conclusion is supported by the fact that Plaintiff had moved from Oklahoma City to Duncan five years earlier, and that, at the same time Plaintiff was demoted, Mike Jenkins, an employee of Defendant who is in his late twenties, was retained in a salaried position despite having been with the company less than one year.  Mr. Hunt is also known by Plaintiff to have said "younger employees perform better."

The Court, taking the factual allegations of the Complaint as true, and having reviewed Plaintiff's Motion for Default Judgment and the evidence presented at the hearing, finds that the evidentiary record establishes Plaintiff's entitlement to relief on his ADEA claim and on his FMLA retaliation claim.

B.     Damages

1.     Back Pay

As a salaried employee in 2004, Plaintiff earned $40,594.55 in wages and commissions, mileage reimbursements, expense reimbursements and matching 401K contributions.  As a salaried employee in January, February and March of 2005, Plaintiff earned $14,836.38 in wages, commissions, mileage reimbursements, expense reimbursements and matching 401K contributions. As an independent contractor from April of 2005 through December of 2005, Plaintiff earned $20,382.60 in wages and commissions.  During this same period of time, Plaintiff lost $7,861.90 in mileage reimbursements, $1,887.47 in expense reimbursements, and $336.83 in matching 401K contributions for a total loss in 2005 of $10,086.20.[4]

---

[4]Plaintiff has continued to track his expenses and mileage despite having been demoted in March of 2005 and has submitted mileage and expense sheets for the Court's review.  *See* Plaintiff's Exhibits 10, 11, 13 and 14.

In January, February and March of 2006, Plaintiff earned $10,621.38 in wages and commissions. Compared with the same time period in 2005, Plaintiff lost $3,856.58 in wages and commissions. During this same period of time, Plaintiff also lost $2,782.88 in mileage reimbursements, $513.15 in expense reimbursements and $137.31 in matching 401K contributions, for a total loss in January, February, and March of 2006 of $7,289.92. Based upon the foregoing, and having reviewed the evidentiary record in this case, the Court finds that Plaintiff is entitled to $17,376.12 in back pay.

    2.    <u>Front Pay</u>

Whether to award "front pay damages is an issue for the trial judge's equitable discretion." *Denison v. Swaco Geolograph Co.*, 941 F.2d 1416, 1426 (10th Cir. 1991). In 2005 Plaintiff earned $31,003.98 in wages and commissions and was due an additional $14,301.20 in mileage reimbursements, expense reimbursements and matching 401K contributions. This represents a loss per month of $1191.77. Plaintiff testified that he has worked all of his adult life, is in good health, and plans to work until he is at least sixty-seven (67) when he is eligible to receive his full retirement from the fire department as well as social security benefits. In fact, Plaintiff still works for Defendant as an independent contractor. Based on the foregoing, the Court finds that Plaintiff has put forth sufficient evidence to establish that he plans to continue working for Defendant until he reaches the age of 67. As such, the Court finds that Plaintiff is entitled to front pay totaling $10,725.93 for April through December of 2006, and $28,602.40 for both 2007 and 2008 for a total front pay award of $39,328.33.

    3.    <u>Liquidated Damages</u>

Plaintiff seeks liquidated damages in the amount of $17,376.12. "Liquidated damages are

available under the ADEA, however, only when there is a willful violation." *Blim v. Western Elec. Co., Inc.*, 731 F.2d 1473, 1479 (10th Cir. 1984); 29 U.S.C. § 626(b).  "The line separating willful from nonwillful violations defies easy demarcation." *Cooper v. Asplundh Tree Expert Co.*, 836 F.2d 1544, 1551 (10th Cir. 1988).  "[A] basic finding of liability under the [ADEA] . . . requires that age be at least one of possibly several 'determinative factors' in the employer's conduct; for a willful violation to exist in a disparate treatement claim, a factfinder must find that age was the *predominant* factor in the employer's decision." *Id*.  Having reviewed Plaintiff's motion, together with the evidentiary record, the Court finds that age was a predominant factor in Defendant's decision to demote Plaintiff.  Further, in contrast to the ADEA, under the FMLA, liquidated damages may be awarded without the employer's violation having been willful.[5]  Based on the foregoing, the Court finds that Plaintiff is entitled to an award of liquidated damages under either the FMLA or the ADEA in the amount of $17,376.12, which is equal to Plaintiff's award for back pay.

4.      Punitive Damages

Punitive damages are not available under the ADEA, *Bruno v. Western Elec. Co*., 829 F.2d 957, 966-67 (10th Cir. 1987), or the FMLA, *Perez v. Hospitality Ventures-Denver, LLC*, 298 F. Supp. 2d (D. Colo. 2004).  As such, the Court finds that Plaintiff's request for an award for punitive damages should be denied.

5.      Attorneys' Fees and Costs

Lastly, Plaintiff seeks attorneys' fees and costs.  The Court finds that Plaintiff, as the

---

[5]Under the FMLA, the Court *shall* award liquidated damages "except that if an employer who has violated [the act] . . . proves to the satisfaction of the court that the act or omission which violated [the act] . . . was in good faith and that the employer had reasonable grounds for believing that the act or omission was not a violation of [the act] . . . .  29 U.S.C. § 2617(1)(A)(iii).

prevailing party, is entitled to recover reasonable attorneys' fees and costs. Plaintiff shall submit his application for attorneys' fees together with a bill of costs on or before May 12, 2006.

III.    Conclusion

For the reasons set forth above, the Court ORDERS that default judgment be entered against Defendant Reliable Reports of Texas, Inc. forthwith and ASSESSES damages in the amount of $74,080.57 plus prejudgment interest[6] accruing from March of 2004 to the date of this judgment, and post judgment interest to accrue on the total sum of this judgment at the rate provided by 28 U.S.C. § 1961 until paid. This Order effectively terminates this action in this Court.

**IT IS SO ORDERED this 24th day of April, 2006.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE

---

[6]Although "prejudgment interest is not available under the ADEA if plaintiffs receive liquidated damages" *Blim v. Western Elec. Co., Inc.*, 731 F.2d 1473, 1479 (10th Cir. 1984), the Court can find no such prohibition under the FMLA.