**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| WILLIAM GERALD BLACK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-05-1427-M |
| ) | |
| RELIABLE REPORTS OF TEXAS, INC., ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Before the Court is defendant's Motion to Set Aside Default Judgment and Associated Orders, filed March 15, 2007. On April 2, 2007, plaintiff filed his response, and on April 27, 2007, defendant filed its reply. Based upon the parties' submissions, the Court makes its determination.

I.  Background

On December 8, 2005, plaintiff filed the instant action against defendant. On December 19, 2005, plaintiff mailed a copy of the Complaint and Summons by certified mail, return receipt requested, to the Oklahoma Secretary of State, defendant's registered agent. On December 20, 2005, the Oklahoma Secretary of State attempted to forward the Complaint and Summons to defendant via certified mail, return receipt requested, to the address on file for defendant. However, the address on file had not been used by defendant since 1997, and the certified mail was returned to the Oklahoma Secretary of State marked "Return to Sender – Forward Expired."[1]

On February 10, 2006, plaintiff filed a motion for default judgment based upon defendant's failure to file a responsive pleading. The Court granted plaintiff's motion, entered judgment against defendant, and assessed damages in the amount of $74,080.57, together with interest. On May 11,

---

[1] Plaintiff was not aware that the Oklahoma Secretary of State had been unable to forward the Complaint and Summons to defendant.

2006, plaintiff filed a motion for costs and a motion for attorney fees. On June 20, 2006, costs in the amount of $324.58 were taxed against defendant, and on January 9, 2007, the Court awarded plaintiff $7,735.00 in attorney fees. On January 11, 2007, plaintiff filed a Motion for Order to Require Judgment Debtor to Answer as to Assets and to Forbid a Transfer or Other Disposition of Property. On January 19, 2007, the Court granted plaintiff's motion, and on January 29, 2007, the Court entered an Alias Order Regarding Order to Require Judgment Debtor to Answer as to Assets and to Forbid a Transfer or Other Disposition of Property.

Defendant did not learn of the instant action or the subsequent default judgment until on or about February 8, 2007, when it was served through its current registered agent with the Court's January 29, 2007 Alias Order. Defendant now moves the Court to set aside the default judgment entered against it, as well as all associated orders, and to permit it to answer and defend plaintiff's claims on their merits.

II.     Discussion

Defendant asserts that the default judgment must be set aside as void pursuant to Federal Rule of Civil Procedure 60(b)(4).[2] Rule 60(b)(4) provides, in pertinent part: "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: . . . (4) the judgment is void; . . . ." Fed. R. Civ. P. 60(b)(4). Unlike other Rule 60(b) motions, it is not discretionary whether to grant relief pursuant to Rule 60(b)(4) from a void judgment because "[r]elief from a void judgment is

---

[2]Defendant also asserts that the default judgment orders should be set aside pursuant to either Rule 60(b)(1) or Rule 60(b)(6). Because this Court finds that the default judgment is void and should be set aside on that basis, the Court will not address whether the default judgment orders should be set aside pursuant to either Rule 60(b)(1) or Rule 60(b)(6).

mandatory." *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986).

A default judgment obtained in the absence of personal jurisdiction over the defendant is void. *Id.* at 1202. "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). Thus, if a plaintiff did not properly serve a defendant, a default judgment entered against that defendant is void.

In the instant action, plaintiff asserts that defendant was properly served. Rule 4(h) of the Federal Rules of Civil Procedure governs service upon domestic corporations. Rule 4(h)(1) provides:

> **(h) Service Upon Corporations and Associations.** Unless otherwise provided by federal law, service upon a domestic or foreign corporation or upon a partnership or other unincorporated association that is subject to suit under a common name, and from which a waiver of service has not been obtained and filed, shall be effected:
> **(1)** in a judicial district of the United States in the manner prescribed for individuals by subdivision (e)(1), or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant, . . . .

Fed. R. Civ. P. 4(h)(1).

As set forth above, one of the permissible methods of service under Rule 4(h)(1) is "by delivering a copy of the summons and of the complaint . . . to any other agent authorized by appointment or by law to receive service of process . . . ." The term "delivery" as used in the above-quoted language, however, does not include service by mail. *See Signs by Tomorrow-USA, Inc. v. G.W. Engel Co., Inc.*, Civil No. 05-4353 (RBK), 2006 WL 2224416, at *3 (D.N.J. Aug. 1, 2006);

*Schomide v. ILC Dover LP*, No. 03-1019, 2006 WL 2042969, at *4 (D. Del. July 20, 2006); *Spears v. Kroger Co.*, No. 1:05 CV 2832, 2006 WL 2044986, at *2 (N.D. Ohio July 19, 2006); *Mettle v. First Union Nat'l Bank*, 279 F. Supp. 2d 598, 602 (D.N.J. 2003).  Accordingly, because plaintiff mailed a copy of the Complaint and Summons to the Oklahoma Secretary of State, defendant's registered service agent, the Court finds that plaintiff's service by mail was ineffective as proper service under this first method of service.

Alternatively, Rule 4(h)(1) provides that service upon a corporation may be made "in the manner prescribed for individuals by subdivision (e)(1)."  Rule 4(e)(1) provides that service may be made "pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State; . . . ."  Fed. R. Civ. P. 4(e)(1).  Thus, in the instant action, service may be made pursuant to Oklahoma law.

Under Oklahoma law, a corporation may be served by personal delivery or by mail.[3]  Okla. Stat. tit. 12, § 2004(C)(1),(2).  However,

> [s]ervice by mail shall not be the basis for the entry of a default or a judgment by default unless the record contains a return receipt showing acceptance by the defendant or a returned envelope showing refusal of the process by the defendant. . . . In the case of [a corporation], acceptance or refusal by any officer or by any employee of the registered office or principal place of business who is authorized to or who regularly receives certified mail shall constitute acceptance or refusal by the party addressed.  A return receipt signed at such registered office or principal place of business shall be presumed to have been signed by an employee authorized to receive certified mail.

Okla. Stat. tit. 12, § 2004(C)(2)(c).

---

[3]As set forth above, there was no service by personal delivery in this case.

Plaintiff contends that because the Oklahoma Secretary of State is defendant's registered agent, its acceptance of the Summons and Complaint by certified mail is sufficient for purposes of § 2004(C)(2)(c).  However, the Court finds that the plain language of § 2004(C)(2)(c) does not support plaintiff's contention.  Specifically, the Court finds that a corporation's "registered office" is not the same as a corporation's registered agent's office.  Section 2004 includes various references to a corporation's registered agent and in each case uses the word "agent" or some variation thereof. *See*, *e.g.*, Okla. Stat. tit. 12, § 2004(C)(1)(c) (". . . by delivering a copy of the summons and of the petition to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process . . . .").  The term "registered office," on the other hand, plainly refers to the corporation's address that is registered with the applicable governmental entity. Accordingly, the Court finds that § 2004(C)(2)(c) requires acceptance or refusal of mailed service by an officer or an employee of the corporation's registered office or principal place of business before the corporation may be held in default.  Thus, because the Oklahoma Secretary of State is not an officer or an employee of defendant's registered office or principal place of business, the Court finds that plaintiff's service by mail on the Oklahoma Secretary of State can not be the basis for entering a default judgment.

Therefore, based upon the reasons set forth above, the Court finds that defendant was never properly served in this case.  The Court, thus, finds that the default judgment entered in this case against defendant is void and that the default judgment and all associated orders should be set aside.

III.   Conclusion

Accordingly, the Court GRANTS defendant's Motion to Set Aside Default Judgment and Associated Orders [docket no. 32] and SETS ASIDE the Court's April 13, 2006 Order granting

plaintiff's Motion for Default Judgment against the Defendant [docket no. 12], the Court's April 24, 2006 Order assessing damages [docket no. 14], the Court's April 24, 2006 Judgment [docket no. 15], the June 20, 2006 taxation of costs [docket no. 20], and the Court's January 9, 2007 Order granting plaintiff's Motion for Attorney's Fees [docket no. 21].  The Court ORDERS plaintiff to effectuate proper service upon defendant in accordance with the Federal Rules of Civil Procedure within twenty (20) days of the date of this Order.

      **IT IS SO ORDERED this 20th day of September.**

_/s/ Vicki Miles-LaGrange_
VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE